1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAHARA K. SMITH, | Case No. 1:23-cv-00915-KES-SKO |
| Plaintiff, | **FINDINGS AND RECOMMENDATION THAT DEFENDANTS' UNOPPOSED MOTION FOR JUDGMENT ON THE PLEADINGS BE GRANTED WITH LEAVE TO AMEND** |
| v. | |
| CITY OF MADERA and DINA SANTOS, | |
| Defendants. | (Doc. 12) |
| _____/ | **OBJECTIONS DUE: 21 DAYS** |

## I.    INTRODUCTION

On November 15, 2023, Defendants City of Madera (the "City") and Dina Santos ("Santos") (collectively, "Defendants") filed a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) on the ground that Plaintiff Mahara K. Smith ("Plaintiff") has failed to plead adequately her civil rights claims and request for punitive damages.  (Doc. 12.)  Plaintiff did not file a response to the motion.  (*See* Docket.)  The Court found the matter suitable for decision without oral argument pursuant to Local Rule 230(g) on December 7, 2023, and vacated the hearing.  (Doc. 15.)

On May 14, 2025, the motion was referred to the undersigned for findings and recommendation pursuant to 28 U.S.C. § 636(b).  (Doc. 20.)  For the reasons set forth below, the undersigned recommends that Defendants' motion for judgment on the pleadings be granted, with leave to amend.

## II.      BACKGROUND[1]

Plaintiff, proceeding *pro se*, contends that Santos, a "duly sworn peace officer employed by" the City, "illegally arrested" and "unlawfully detain[ed]" her on August 8, 2020, "without just and legal cause," and used "excessive force in effectuating the arrest" causing her "serious bodily harm." (Doc. 4 at pp. 5–8, ¶¶ 3, 12–15.)

Plaintiff alleges a single claim under 42 U.S.C. § 1983 ("Section 1983") for "False Arrest and Imprisonment and Excessive Force" in violation of the "Fourth and Fourteenth Amendments to the Unites States Constitution." (*Id*. at pp. 5, 7–10.) In addition to compensatory damages, Plaintiff seeks punitive damages against Santos. (*Id*. at p. 10.)

## III.      LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "The principal difference between motions filed pursuant to [Federal Rule of Civil Procedure ("Rule")] 12(b) and Rule 12(c) is the time of filing." *Dworkin v. Hustler Mag., Inc*., 867 F.2d 1188, 1192 (9th Cir. 1989). "Rule 12(c) is 'functionally identical' to Rule 12(b)(6)," such "that 'the same standard of review' applies to motions brought under either rule." *Cafasso v. Gen. Dynamics C4 Sys*., 637 F.3d 1047, 1054 n.4 (9th Cir. 2011) (quoting *Dworkin*, 867 F.2d at 1192).

Rule 12(b)(6) allows an attack on a pleading for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires not only 'fair notice of the nature of the claim, but also grounds on which the claim rests.'" *Li v. Kerry*, 710 F.3d 995, 998–99 (9th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 556 U.S. 662, 556 n.3 (2007)). Although Rule 8 does not require "detailed factual allegations," a complaint will not suffice if it offers "an unadorned, the defendant-unlawfully-

---

[1] The undersigned summarizes the Plaintiff's allegations and claims in the complaint (Doc. 4 at 4–11) without opining on their veracity or merit or making any findings of fact. Relatedly, Defendants ask the Court to take judicial notice of the complaint, yet the Court need not take judicial notice of documents filed on the docket in this case. *Henricks v. California Pub. Utilities Comm'n*, No. 17-CV-2177-MMA (MDD), 2018 WL 2287346, at *8 (S.D. Cal. May 18, 2018) (citing *Asdar Grp. v. Pillsbury, Madison, & Sutro*, 99 F.3d 289, 290 n.1 (9th Cir. 1996)) (finding moot Plaintiff's request for the Court to take judicial notice of pleadings filed on the docket in this case). Since Plaintiff's complaint is publicly filed on the docket (*see* Doc. 4 at 4–11), the undersigned DENIES AS MOOT Defendants' request for judicial notice. (Doc. 12-2.)

2

1    harmed me accusation," "labels and conclusions," "a formulaic recitation of the elements of a

2    cause of action," or " 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v.*

3    *Iqbal*, 556 U.S. 662, 678 (2009) (alteration in original) (quoting *Twombly*, 556 U.S. at 555, 557).

4        "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

5    accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*,

6    556 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that

7    allows the court to draw the reasonable inference that the defendant is liable for the misconduct

8    alleged." *Id*. (citing *Twombly*, 556 U.S. at 556). "The plausibility standard is not akin to a

9    'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted

10   unlawfully." *Id*. "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a

11   cognizable legal theory or sufficient facts to support a cognizable legal theory." *Hartmann v.*

12   *Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013) (quoting *Mendiondo v.*

13   *Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)).

14       In reviewing a motion to dismiss, courts must accept the plaintiff's factual allegations as

15   true and view them in the light most favorable to them. *Park v. Thompson*, 851 F.3d 910, 918

16   (9th Cir. 2017). However, courts will "not accept any unreasonable inferences or assume the

17   truth of legal conclusions cast in the form of factual allegations." *Ileto v. Glock Inc.*, 349 F.3d

18   1191, 1200 (9th Cir. 2003). In a *pro se* civil rights case, "the court must construe the pleadings

19   liberally and must afford the plaintiff the benefit of any doubt." *Karim–Panahi v. Los Angeles*

20   *Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988) (citation omitted). Before dismissing a *pro se*

21   civil rights complaint for failure to state a claim, the plaintiff should be given a statement of the

22   complaint's deficiencies and an opportunity to cure. *Id*. Only if it is clear that the deficiencies

23   cannot be cured by amendment should the complaint be dismissed without leave to amend. *Id.;*

24   *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *Lonberg v. City of Riverside*,

25   300 F. Supp. 2d 942, 945 (C.D. Cal. 2004) ("[A]lthough Rule 12(c) does not mention leave to

26   amend, courts have discretion both to grant a Rule 12(c) motion with leave to amend and to

27   simply grant dismissal of the action instead of entry of judgment.").

28

3

## IV.    DISCUSSION

Defendants contend Plaintiff has not presented any factual allegations to support her claims under Section 1983 and request for punitive damages, instead relying solely on legal conclusions.  (Doc. 12.)  Plaintiff has offered no argument to the contrary.  The undersigned agrees with Defendants that Plaintiff's complaint is devoid of any factual support and will recommend that the unopposed motion for judgment on the pleadings be granted on this basis, with leave to amend.

### A.    Section 1983

Section 1983 allows individuals to recover damages and other relief for deprivations of constitutional rights that occur under color of state law.  *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), overruled on other grounds by *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986).  Vicarious liability is inapplicable to section 1983 actions.  *Iqbal*, 556 U.S. at 663 (2009) (citing *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 691 (1978)).  Consequently, "the plaintiff in a suit such as the present one must plead that each Government-official defendant, through his [or her] own individual actions, has violated the Constitution."  *Id.*  The elements required to establish a civil rights claim under 42 U.S.C. § 1983 are: "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law."  *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

To state a valid constitutional claim, a plaintiff must allege that he suffered a specific injury because of the conduct of a particular defendant, and they must allege an affirmative link between the injury and the conduct of that defendant.  *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976); *see also Monell*, 436 U.S. at 692 (footnote and citation omitted) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); *Trice v. Modesto City Police Dept.*, No. 1:08-cv-01891-AWI-SMS, 2009 WL 102712, at *8 (E.D. Cal. Jan. 14, 2009) ("In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.").  "'A person 'subjects' another to the deprivation of a constitutional right, within the meaning of

4

section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Lacey v. Maricopa County*, 693 F.3d 896, 917 (9th Cir. 2012) (quoting *Johnson v. Duffy*, 588 F.3d 740, 743 (9th Cir. 1978) (citation omitted)).

### 1. False Arrest

To state a Section 1983 claim for false arrest and detention, a plaintiff must allege true facts to show that there was no probable cause to arrest him. *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998); *see also Dubner v. City and Cty. of San Francisco*, 266 F.3d 959, 964-65 (9th Cir. 2001) ("A claim for unlawful arrest is cognizable under [Section] 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification.")[2]   "[P]robable cause exists when the arresting officer has facts within his knowledge based on trustworthy information [that] would warrant a prudent man to believe that an offense has been committed, and that the suspect committed it." *United States v. Jennings*, 468 F.2d 111, 114 (9th Cir. 1972).  Thus, to state a plausible claim for false arrest, a plaintiff must allege enough facts to show the circumstances of the arrest and to allow the Court to infer that the information known to the officer did not rise to the level of probable cause.  Plaintiff's complaint lacks any such facts.

The allegation that Plaintiff was "without legal justification, willfully, maliciously, and intentionally illegally arrested" by Santos on August 8, 2020 (Doc. 4 at p. 7 ¶¶ 12–13) is conclusory.  *See, e.g., Medrano v. Acosta*, No. 18-10108, 2020 WL 5413384, at *5 (C.D. Cal. Mar. 25, 2020) (explaining that the "plaintiff's allegation that probable cause was otherwise lacking [was] conclusory").  There are insufficient factual allegations from which it could be concluded that there was no probable cause to arrest Plaintiff.  *See, e.g., Grant v. State of Oregon,* No. 3:21-CV-01588-SB, 2022 WL 2910015, at *6 (D. Or. June 15, 2022), ("Courts have found allegations about 'a lack of probable cause' to be conclusory when the plaintiff's complaint 'lack[ed] adequate facts about the circumstances of [his] arrest,' such as allegations about

---

[2] Plaintiff alleges her false arrest claim under the "Fourth and Fourteenth Amendments to the United States Constitution."  (Doc. 4 at p. 7.)  Claims for false arrest are analyzed under the Fourth Amendment and not the Fourteenth Amendment due process clause. *Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119, 1127 (9th Cir. 2002).

1  'exactly where he was arrested, what he was arrested for, what the officers ordered him to do,

2  whether he remains subject to prosecution, or any other relevant details.'" (alterations in original)

3  (quoting *Durham v. City of Long Beach,* No. CV2011449JVSJPR, 2021 WL 4816640, at *4

4  (C.D. Cal. July 2, 2021)); *Graves v. Prestridge,* No. 1:18-cv-001274-DAD-SKO, 2018 WL

5  5880644, at *6 (E.D. Cal. Nov. 7, 2018) (finding no facts from which to discern whether probable

6  cause existed when complaint did not allege where plaintiff was arrested or what crime he

7  allegedly committed)   "If [Plaintiff] wishes to pursue [her] false arrest claim ..., [she] must

8  include far more detailed allegations about the circumstances surrounding [her] arrest . . . ."

9  *Grant*, 2022 WL 2910015, at *6.

10          **2.     Excessive Force**

11          To state a claim for excessive force under the Fourth Amendment, a plaintiff must allege

12  facts showing that an officer used more than the force a reasonable and prudent law enforcement

13  officer would use under the circumstances.  *Graham v. Connor*, 490 U.S. 386, 395 (1989),

14  *overruled on other grounds by Saucier v. Katz*, 533 U.S. 194 (2001).  To do this, a plaintiff must

15  describe the details of the force used so that the Court can infer that the amount of force was

16  excessive.

17          Plaintiff does not allege any facts to support a claim for excessive force.  She pleads that

18  Santos "used excessive force in effectuating" her arrest and the "use of excessive force by

19  [Santos] was a violation of Plaintiff's [] civil rights under the laws and Constitution of the United

20  States of America . . . ."  (Doc. 4 at p. 7 ¶ 14.)  But these are legal conclusions, and the complaint

21  does not plead sufficient facts to support them.  *Iqbal*, 556 U.S. at 678.

22          **3.     Municipal Liability**

23          As indicated above, a municipality cannot be held liable under Section 1983 for the actions

24  of its employees under the theory of *respondeat superior*.  *See Monell*, 436 U.S. at 691.  A

25  municipality can only be held liable for injuries caused by the execution of its policy or custom or

26  by those whose edicts or acts may fairly be said to represent official policy.  *Id*. at 694.  A

27  "policy" is a "deliberate choice to follow a course of action . . . made from among various

28  alternatives by the official or officials responsible for establishing final policy with respect to the

subject matter in question." *Fogel v. Collins*, 531 F.3d 824, 834 (9th Cir. 2008). "In addition, a local governmental entity may be liable if it has a 'policy of inaction and such inaction amounts to a failure to protect constitutional rights.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 681 (9th Cir. 2001) (quoting *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992)). More generally, a plaintiff must show the following: (1) the plaintiff was deprived of a constitutional right; (2) the defendant had a policy or custom; (3) the policy or custom amounted to deliberate indifference to the plaintiff's constitutional right; and (4) the policy or custom was the moving force behind the constitutional violation. *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (internal quotation marks and citations omitted); *Mabe v. San Bernardino Cty.*, 237 F.3d 1101, 1110-11 (9th Cir. 2001). Municipal liability under *Monell* may be premised on: (1) conduct pursuant to a formal or expressly adopted official policy; (2) a longstanding practice or custom which constitutes the "standard operating procedure" of the local government entity; (3) a decision of a decision-making official who was, as a matter of state law, a final policymaking authority whose edicts or acts may fairly be said to represent official policy in the area of decision; or (4) an official with final policymaking authority either delegating that authority to, or ratifying the decision of, a subordinate. *See Thomas v. Cty. of Riverside*, 763 F.3d 1167, 1170 (9th Cir. 2014); *Price v. Sery*, 513 F.3d 962, 966 (9th Cir. 2008).

Allegations concerning *Monell* liability based on the existence of a policy are subject to the pleading requirements of *Twombly*/*Iqbal*. As the Ninth Circuit has explained, even in the context of a *Monell* claim, a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *AE ex rel. Hernandez v. Cty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)). While the Ninth Circuit previously had a liberal pleading standard for *Monell* claims, "[c]ourts in this circuit now generally dismiss claims that fail to identify the specific content of the municipal entity's alleged policy or custom." *Little v. Gore*, 148 F. Supp. 3d 936,

957 (S.D. Cal. 2015) (citation omitted).

Here, the only allegations in the complaint that appear to pertain to *Monell* are that the City (1) is "directly liable and responsible" for the acts of its officers "because they repeatedly, knowingly and with deliberate indifference failed to enforce the laws of the State of California and the regulations of the [City] police department pertaining to the proper arrest of persons as well as utilizing the proper amount of force to effectuate an arrest"; and (2) "had a policy and custom of arresting persons for violation of Penal Code § 273.5, that is not supported upon probable cause and without gathering evidence to support whether an individual in fact committed the crime of Penal Code § 273.5 prior to their arrest." (Doc. 4 at p. 8 ¶¶ 17, 20.) Neither of these allegations is supported with facts of a policy or custom that amounts to deliberate indifference to Plaintiff's constitutional rights and that was the "moving force" behind the constitutional violations asserted. The Ninth Circuit in *Hernandez* found inadequate a complaint that alleged that the defendants "maintained or permitted an official policy, custom or practice of knowingly permitting the occurrence of the type of wrongs" alleged elsewhere in the complaint without "put[ting] forth additional facts regarding the specific nature of this alleged 'policy, custom or practice,' other than to state that it related to 'the custody, care and protection of dependent minors.'" 666 F.3d at 637. District courts applying this standard in Monell cases have "found vague assertions of municipal policies to be insufficient." *Bagley v. City of Sunnyvale*, No. 16-CV-02250-LHK, 2017 WL 344998, at *15 (N.D. Cal. Jan. 24, 2017). *See, e.g., Inman v. Anderson*, 294 F. Supp. 3d 907, 922 (N.D. Cal. 2018) (dismissing *Monell* claim where the operative complaint was "completely devoid of any facts or details about the actual content of the investigatory policy that purportedly was the 'moving force' behind the alleged constitutional injuries that Plaintiff suffered at the hands of the City Officers"); *Mendy v. City of Fremont*, No. C-13-4180 MMC, 2014 WL 574599, at *3 (N.D. Cal. Feb. 12, 2014) (dismissing *Monell* claim where the allegation in the complaint that the city had an informal custom or policy tolerating the excessive force that the officer was alleged to have used "lacks any specifics and is substantially similar to the conclusory allegation found inadequate in [*Hernandez*.]").

Plaintiff's *Monell* claim suffers from the same factual deficiency as the cases where courts

have found vague assertions of an unconstitutional policy to be insufficient to state a claim.[3] Like those cases, the complaint here fails to allege the substance of an official policy or custom, or any facts of an act or omission by the City that rises to the level of "deliberate indifference to a constitutional right." Instead, Plaintiff begins from the premise that Santos acted unconstitutionally, then asserts a theory of *Monell* liability against the City for why the allegedly unconstitutional acts may have taken place, but without facts to support that theory. Vague and conclusory allegations are inadequate to state a claim for *Monell* liability. *See Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (affirming dismissal where "*Monell* and supervisory liability claims lack any factual allegations that would separate them from the 'formulaic recitation of a cause of action's elements' deemed insufficient by *Twombly*"); *see also Cain v. City of Sacramento*, No. 2:17-cv-00848-JAM-DB, 2017 WL 4410116 at *3 (E.D. Cal. Oct. 3, 2017) ("To survive a motion to dismiss, a plaintiff must do more than allege that a *Monell* defendant 'maintained or permitted an official policy, custom or practice of knowingly permitting the occurrence of the type of wrongs' alleged elsewhere in the complaint. Facts regarding the specific nature of the alleged policy, custom, or practice are required; merely stating the subject to which the policy relates . . . is insufficient.") (quoting *Hernandez*, 666 F.3d at 637).

### 4. Conspiracy

To establish a conspiracy to violate civil rights under Section 1983, a plaintiff must allege "(1) the existence of an express or implied agreement among the defendant officers to deprive [her] of his constitutional rights, and (2) an actual deprivation of those rights resulting from that agreement." *Avalos v. Baca*, 596 F.3d 583, 592 (9th Cir. 2010) (quotation omitted). To the extent Plaintiff attempts to bring such conspiracy claim, the claim fails for two reasons.[4] First, because "[c]onspiracy is not itself a constitutional tort under [Section] 1983," there "must always

---

[3] Additionally, because Plaintiff has failed to allege an underlying constitutional violation (*see* Section IV.A & B, *supra*), there can be no municipal liability here. *See Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 957 (9th Cir. 2008); *see also Jackson v. City of Bremerton*, 268 F.3d 646, 653-54 (9th Cir. 2001) ("Neither a municipality nor a supervisor . . . can be held liable under [Section] 1983 where no injury or constitutional violation occurred."); *Scott v. Henrich*, 39 F.3d 912, 916 (9th Cir. 1994) ("While the liability of municipalities doesn't turn on the liability of individual officers, it is contingent on a violation of constitutional rights.").

[4] Although it is not clear that Plaintiff intends to bring a separate conspiracy claim, because the complaint contains such allegations and it is the subject of Defendants' motion, the undersigned addresses the sufficiency of such claim.

1    be an underlying constitutional violation." *Lacey*, 693 F.3d at 935.  Thus, "[t]he insufficiency of

2    [the underlying] allegations to support a section 1983 violation precludes a conspiracy claim

3    predicated upon the same allegations." *Cassettari v. Nev. Cnty.*, 824 F.2d 735, 739 (9th Cir.

4    1987).  Because Plaintiff has failed to properly allege facts sufficient to plead Section 1983

5    liability for false arrest and excessive force, her conspiracy claim, which is based upon these

6    substantive claims (*see* Doc. 4 at pp. 8–9 ¶ 18), is insufficient as a matter of law.

7         Second, Plaintiff again offers nothing but a conclusory recital of the elements of

8    conspiracy, which does not satisfy the pleading requirements of *Iqbal* and *Twombly*.  "The Ninth

9    Circuit has held that vague and conclusory allegations of conspiracy (*i.e.*, bare allegations that a

10   defendant 'conspired' with another) are insufficient to state a claim." *Gottschalk v. Litt*, No. CV

11   08-0466-SGL (MLG), 2009 WL 1704991, at *3 (C.D. Cal. June 15, 2009) (citing *Buckey v.*

12   *County of Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992)); *see also Simmons v. Sacramento*

13   *County Sup.Ct.,* 318 F.3d 1156, 1161 (9th Cir. 2003) (conclusory allegations of conspiracy to

14   deprive plaintiff of due process insufficient to state a claim)).  "Rather, '[t]o state a claim for a

15   conspiracy to violate one's constitutional rights under section 1983, the plaintiff must state

16   specific facts to support the existence of the claimed conspiracy.'" *Id.* (quoting *Burns v. County*

17   *of King*, 883 F.2d 819, 821 (9th Cir. 1989)). "Claims that fail to specify each defendant's role in

18   the alleged conspiracy are subject to dismissal." *Id.* (citing *Pena v. Gardner*, 976 F.2d 469, 471

19   (9th Cir. 1992)).

20        Here, Plaintiff's complaint lacks the requisite specificity to allege a Section 1983

21   conspiracy.  She pleads that Defendants "conspired with one another and/or allowed their

22   respective employees to enter into an agreement between two more persons with the intent to

23   agree or conspire and the intent to commit wrongful acts" and that they "committed wrongful acts

24   in furtherance of the conspiracy, causing [Plaintiff] to sustain injury and damages as alleged

25   above."  (Doc. 4 at pp. 8–9 ¶ 18.)  These allegations are devoid of any facts showing an

26   agreement or meeting of the minds among Defendants to violate Plaintiff's constitutional rights.

27   Similarly, the complaint is devoid of any facts specifying each, or any, of Defendants' roles in the

28   claimed conspiracy.  Without such factual allegations, Plaintiff's conspiracy claim fails, even if

1    she had properly alleged liability for the underlying constitutional violations. *See Karim–Panahi*,

2    839 F.2d at 626 (A mere allegation of conspiracy without specific facts is insufficient.); *see also*

3    *Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 929 (9th Cir. 2004) (dismissing conspiracy

4    claim when complaint was "devoid of any discussion of an agreement amongst [defendants] to

5    violate [plaintiff's] constitutional rights").

6    **B.    Punitive Damages**

7        Plaintiff seeks punitive damages against Santos. (Doc. 4 at p. 10.) To recover punitive

8    damages against an individual officer in a Section 1983 case, a plaintiff must show that the

9    officer's conduct is "mitigated by evil motive or intent" or "involves reckless or callous

10   indifference to the federally protected rights of others." *See Smith v. Wade*, 461 U.S. 30, 56

11   [5](1983). The Ninth Circuit has further explained that "the standard for punitive damages under

12   [Section] 1983 mirrors the standard for punitive damages under common law tort cases," which

13   extends to "malicious, wanton, or oppressive acts or omissions." *Dang v. Cross*, 422 F.3d 800,

14   807 (9th Cir. 2005) (citing *Wade*, 461 U.S. at 49).

15       Other than the conclusory allegation that Santos "committed the acts alleged herein

16   maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff []

17   and with an improper and evil motive amounting to malice, and in conscious disregard of

18   Plaintiff's rights as guaranteed under the laws of the State of California" (Doc. 4 at p. 10 ¶ 23),

19   Plaintiff has not alleged with particularity that Santos acted with the reckless intent upon which

20   Plaintiff may recover punitive damages. Plaintiff has failed to allege any facts that rise to the

21   level of knowledge or conscious disregard which would warrant punitive damages. Because

22   Plaintiff's allegations do not identify with any specificity any acts that rise to reckless or callous

23   indifference to Plaintiff's rights, Plaintiff has failed to sufficiently allege a request for punitive

24   damages against Santos. *See King v. Los Angeles Cty. Sheriff's Dep't*, No. CV 12-05221-AG

25   ───────────────

26   [5] Although the Ninth Circuit has not resolved has not resolved whether a motion to dismiss punitive damages falls under the type of motion for dismissal of a claim under Rule 12(b)(6) and district courts are split, *see Mora v. City of Chula Vista*, 20cv779-GPC (AGS), 2021 WL 4220633, at *6 (S.D. Cal. Sept. 16, 2021), this Court has held that a Rule 12(b)(6) motion to dismiss is the "proper vehicle for challenging the sufficiency of a punitive damages claim." *Oushana v. Lowe's Cos., Inc*., No. 1:16-cv-01782-AWI-SAB, 2017 WL 5070271, at *2 (E.D. Cal. Nov. 3, 2017) ("The proper vehicle for challenging the sufficiency of a punitive damages claim is a motion to dismiss under Rule 12(b)(6).").

VBK, 2014 WL 839076, at *15 (C.D. Cal. Feb. 28, 2014), *aff'd*, 672 F. App'x 701 (9th Cir. 2016).

## V.    CONCLUSION AND RECOMMENDATION

In sum, Plaintiff's allegations amount to a mere recitation of the elements of a Section 1983 cause of action and request for punitive damages.  This does not suffice under *Twombly*, 550 U.S. at 555.  Running directly afoul of *Twombly's* pleading requirements, the complaint's allegations as to Defendants are nothing more than "naked assertions" without "further factual enhancement."  *See id.* at 557.  Thus, "without some specific 'factual content' that might allow the Court to "draw the reasonable inference" that [these defendants] may be held personally liable for any unconstitutional conduct directed at Plaintiff, the Court finds h[er] Complaint, as currently pleaded, contains only the type of 'defendant-unlawfully-harmed-me accusations,' which *Iqbal* makes clear, fail to 'state a claim to relief that is plausible on its face.'"  *See Turner v. San Diego Cty.*, Civil No. 14cv1965 LAB (WVG), 2015 WL 1197813, at *5 (S.D. Cal. March 16, 2015) (quoting *Iqbal*, 556 U.S. at 568).

The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).  Here, the undersigned cannot say amendment would be futile.  *See Karim–Panahi*, 839 F.2d at 623.

Accordingly, the undersigned RECOMMENDS that Defendants' unopposed motion for judgment on the pleadings (Doc. 12) be GRANTED with leave to amend.

These findings and recommendation are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  **Within twenty-one (21) days of service of this recommendation**, any party may file written objections to these findings and recommendation with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified

time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **May 23, 2025**                    /s/ *Sheila K. Oberto*
                                         UNITED STATES MAGISTRATE JUDGE