**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

MAHARA K. SMITH,

           Plaintiff,

   v.

CITY OF MADERA, et al.,

           Defendants.

_____/

Case No.  1:23-cv-00915-KES-SKO

**ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE RECOMMENDED FOR DISMISSAL**

**<u>FOURTEEN-DAY DEADLINE</u>**

Plaintiff Mahara K. Smith is proceeding *pro se* in this action filed on June 12, 2023. (Doc. 1). On June 20, 2023, the Court issued an order detailing the parties' obligation to meet and confer to prepare a Joint Scheduling Report in advance of the mandatory initial scheduling conference. (*See* Doc 5 at 1–6). That order was served on Plaintiff by mail that same day. (*See* Docket).

On November 25, 2025, the parties filed a "Joint Scheduling Report." (Doc. 27.)  Upon review, the Court determined that "the joint scheduling report proposes two schedules, one comprised of Plaintiff's preferences and one of Defendants' preferences," (Doc. 28).  The Court ordered the parties "to meet and confer to formulate one joint schedule" and warned that "[f]ailure to comply with [that] order may be grounds for the imposition of sanctions on any and all counsel as well as any party or parties who cause non-compliance with [that] order." (*Id.*).  That order was served on Plaintiff that same day.  (*See* Docket).

On January 22, 2026, the Court held a scheduling conference at which Plaintiff did not appear. (Doc. 32). The Court continued the initial scheduling conference and admonished Plaintiff

that "if she fail[ed] to appear without good cause at the scheduling conference . . . the Court may issue sanctions and recommend to the assigned district court judge that Plaintiff's complaint be dismissed for failure to prosecute and failure to comply with a court order." (*Id.*). That order was served on Plaintiff that same day. (*See* Docket).

When no Joint Scheduling Report was filed before the continued scheduling conference, the Court again continued the conference to March 24, 2026. (Doc. 33). In the order continuing the conference the Court again instructed the parties that "[f]ailure to comply with [that] order may be grounds for the imposition of sanctions on any and all counsel as well as any party or parties who cause non-compliance with this order" and "Plaintiff in particular [was] reminded that if she fail[ed] to appear without good cause at the scheduling conference on March 24, 2026, the Court may issue sanctions and recommend to the assigned district court judge that her complaint be dismissed for failure to prosecute and failure to comply with a court order." (Doc. 33). That order was served on Plaintiff that same day. (*See* Docket).

No timely Joint Scheduling Report was filed. (*See* Docket). On March 20, 2026, the Court observed the lack of timely filing along with the numerous warnings of sanctions and ordered the parties to file a Joint Scheduling Report by no later than March 23, 2026 at 12:00 p.m. (Doc. 36). That order was served on Plaintiff that same day. (*See* Docket). On that same day, Defendants filed a Status Report indicating that Defendants had had no contact with Plaintiff despite several attempts to reach her via the address listed on the docket. (*See* Doc. 37). Defendants, therefore, represented that they had been unable to meet and confer to produce a *Joint* Scheduling Report. (*See id.*).

The Local Rules of the United States District Court for the Eastern District of California, corresponding with Rule 11 of the Federal Rules of Civil Procedure, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." E.D. Cal. L.R. 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, to obey a court order, or to comply with local rules. *See*, *e.g.*, *Ferdik v. Bonzelet*,

2

963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

**Accordingly, Plaintiff is ORDERED to show cause, <u>within fourteen (14) days of the date of service of this Order,</u> why a recommendation should not issue for this action to be dismissed for Plaintiff's failure to comply with the Court's order and for failure to prosecute her case.** Alternatively, within that same period, Plaintiff may contact Defendants in order to meet, confer, and prepare a *Joint* Scheduling Report. The Court further CAUTIONS Plaintiff that, if they fail to act within fourteen (14) days of the date of service of this order, the Court will recommend to a presiding district court judge that this action be dismissed, in its entirety.

The Court DIRECTS the Clerk to send a copy of this Order to Plaintiff at their address listed on the docket for this matter.

IT IS SO ORDERED.

Dated:    **March 24, 2026**                     /s/ *Sheila K. Oberto*
                                              UNITED STATES MAGISTRATE JUDGE

3