**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MAHARA K. SMITH, | Case No.  1:23-cv-00915-KES-EGC |
| Plaintiff, | **ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE RECOMMENDED FOR DISMISSAL; VACATING INITIAL SCHEDULING CONFERENCE** |
| v. | |
| CITY OF MADERA, et al., | **FOURTEEN-DAY DEADLINE** |
| Defendants. | (Docs. 41, 44) |

Plaintiff Mahara K. Smith is proceeding *pro se* in this action filed on June 12, 2023.  (Doc. 1).  On June 20, 2023, the Court issued an order detailing the parties' obligation to meet and confer to prepare a Joint Scheduling Report in advance of the mandatory initial scheduling conference.  (*See* Doc 5 at 1–6).  That order was served on Plaintiff by mail that same day.  (*See* Docket).

On January 22, 2026, the Court held a scheduling conference at which Plaintiff did not appear.  (Doc. 32).  The Court then continued the initial scheduling conference.[1]

When no Joint Scheduling Report was filed before the continued scheduling conference, the Court again continued the conference to March 24, 2026.  (Doc. 33).  In the order continuing the conference the Court again instructed the parties that "[f]ailure to comply with [that] order may be grounds for the imposition of sanctions on any and all counsel as well as any party or parties who cause non-compliance with this order" and "Plaintiff in particular [was] reminded that if she fail[ed]

---

[1] For a detailed accounting of this matter's procedural history and the Court's numerous previous warnings, refer to the Order to Show Cause issued on March 24, 2026.  (Doc. 39).

to appear without good cause at the scheduling conference on March 24, 2026, the Court may issue sanctions and recommend to the assigned district court judge that her complaint be dismissed for failure to prosecute and failure to comply with a court order." (Doc. 33). That order was served on Plaintiff that same day. (*See* Docket). Again, no timely Joint Scheduling Report was filed. (*See* Docket). The Court vacated the Scheduling Conference and issued an order to show cause why the case should not be dismissed for failure to obey Court orders and failure to prosecute, directed to Plaintiff. (*See* Docs. 38, 39). Both orders were served to Plaintiff on their date of filing. (*See* Docket).

After discharging the order to show cause once it received Plaintiff's response (*See* Doc. 41), the Court re-set the Scheduling Conference to May 26, 2026, ordering the parties to file their joint scheduling report no more than seven (7) days before the Scheduling Conference. (Doc. 41). In the order continuing the conference the Court again instructed the parties that "[f]ailure to comply with [that] order may be grounds for the imposition of sanctions on any and all counsel as well as any party or parties who cause non-compliance with this order." (*Id.*). That order was served on Plaintiff that same day. (*See* Docket).

In light of reassignment of this matter to Magistrate Judge Erin Guy Castillo, the Scheduling Conference was continued to July 2, 2026. Once more, the parties failed to file their joint scheduling report seven (7) days before the Scheduling Conference.

The Local Rules of the United States District Court for the Eastern District of California, corresponding with Rule 11 of the Federal Rules of Civil Procedure, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." E.D. Cal. L.R. 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, to obey a court order, or to comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal

for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

**Accordingly, Plaintiff is ORDERED to show cause, <u>within fourteen (14) days of the date of service of this Order</u>, why a recommendation should not issue for this action to be dismissed for Plaintiff's failure to comply with the Court's order and for failure to prosecute her case.** The Court further CAUTIONS Plaintiff that, if they fail to act within fourteen (14) days of the date of service of this order, the Court will recommend to the presiding district court judge that this action be dismissed, in its entirety.

In light of the non-compliance with the order to file a joint scheduling report, the Court VACATES the Initial Scheduling Conference set for July 2, 2026.

The Court DIRECTS the Clerk to send a copy of this Order to Plaintiff at their address listed on the docket for this matter.

IT IS SO ORDERED.

Dated:   **June 26, 2026**                   _____
UNITED STATES MAGISTRATE JUDGE

3